Lutes v. Alpaugh.

## LUTES v. ALPAUGH.

1. When a judgment in replevin is offered in evidence in another suit, it cannot be objected to it that it gives costs in a case where costs ought not to be given by the statute; the judgment, though wrong, is conclusive when offered collaterally.

2. In an action brought on a bond given by the defendant in replevin, upon a claim of property conditioned for a return of the goods, the measure of damages is the value of the goods; the costs in the replevin suit cannot be recovered in this action. *Aliter* in action on the replevin bond given by the plaintiff in replevin.

3. Judgment of reversal on writ of error will not be given where no record is

returned with the writ, or where the bill of exceptions on which errors are assigned is not signed by the judge below.*

This cause came up on writ of error to the Hunterdon circuit. The action in that court was brought by Alpaugh against Lutes and his sureties, upon a bond given by them to Alpaugh upon a claim of property put in by Lutes to a wagon, which had been taken by the sheriff on a writ of replevin, sued out by Alpaugh against Lutes. Upon this claim and bond the wagon was delivered by the sheriff to Lutes. Alpaugh, the plaintiff, proceeded in the replevin suit, and obtained judgment by default for six cents damages and costs.

On the trial in this suit brought upon the bond, the judgment in replevin was offered in evidence by the plaintiff. It was objected to by the defendant, because it was illegally entered, it being for costs by default, without it appearing by the record that any demand had been made for the goods before issuing the replevin. The court admitted the evidence, to which decision the defendant excepted. The court charged that the costs in the replevin suit should be included in the assessment of damages upon this bond, to which the defendant excepted.

*Ransom*, for plaintiff in error; *W. Halsted*, for defendant in error.

The Chief Justice delivered the opinion of the court.

So far as can be conjectured from what, by courtesy, is termed the record in this case, the only point designed to be submitted for the consideration of this court is, whether the court, on the trial below, admitted illegal evidence.

Alpaugh, the defendant in error, having sued out a writ of replevin against Lutes, and the sheriff having served the writ, the defendant delivered to the sheriff a written claim of property in the goods replevied, and at the same time delivered to the sheriff a bond, under the provision of the seventh section of the act for the better regulation of the action of reple-

viii. *Rev. Stat.* 117. The condition of the bond is, that Lutes should deliver the wagon in as good condition as the same was at the time of making the claim to the plaintiff, or his lawful representative, if the same should be adjudged to the plaintiff. The present action is brought upon that bond. On the trial, the plaintiff offered in evidence the record of the judgment in the original replevin suit, by which it appeared that the plaintiff had proceeded in that action under the provisions of the statute, notwithstanding the claim of property, had obtained judgment by default for six cents damages, and $24.56 costs. It was objected—1. That, by the provisions of the statute, no costs could have, been legally recovered in the original action, the judgment being by default, and no demand in writing appearing by the record to have been made for the return of the goods before the commencement of the suit. *Rev. Stat.* 121, § 17. The obvious answer to the objection is, that the record of the judgment is conclusive upon this point, and cannot be impeached in this collateral way.

It was further objected that the costs taxed in the original action could not be included in the damages assessed for breach of the bond. On the trial, it appears to have been supposed that the case fell within the provision of the 18th section of the act. That section, however, is limited to the *replevin bond, viz.* the bond given by the plaintiff for prosecuting the suit and returning the goods to the defendant, if a return be awarded. The enactment was induced by the decision of the Supreme Court in *Gordon* ads. *Williamson, Spenc.* 77. It has no reference to a bond given by the defendant for the delivery of the goods, in case they shall be adjudged to the plaintiff. The condition of that bond is forfeited by a return of the goods ; and in case of a breach, the measure of damages is the value of the goods. For this error, the judgment must be reversed.

There is in this case no *record* and no bill of exceptions. Neither the record of the judgment nor the bill of exceptions appear to be signed. There is returned, moreover, from the court below a copy of the writ and return, copies of orders and rules, the names of jurors and witnesses, which greatly encumbers the files, enhances the costs, and should never be

upon file, much less included in what purports to be a record. Before any judgment be signed or entered in this case this useless and irrelevant lumber should be detached from the record and stricken from the files. The judgment below and the bill of exceptions should be signed, that there may at least be some semblance of regularity in the record of the court.